UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**UFCW Local One Pension Fund, and its Trustees: John P. Barrett, Robert Boehlert, Frank C. DeRiso, Eric Glathar, Christine McMahon, and Raymond Wardynski;**

          **Plaintiffs,**
     **vs.**               **6:09-CV-979 (NAM/GHL)**

**RONALD A. POPP, INC. d/b/a/ SHURFINE, FOODS,**

          **Defendant.**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:         OF COUNSEL:

Getnick, Livingston Law Firm     Patrick G. Radel, Esq.
258 Genesee Street
Suite 401
Utica, NY 13502
*Attorneys for Plaintiffs*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiffs UFCW Local One Pension Fund, ("Pension Fund" or "plaintiffs") brought this action to recover delinquent withdrawal liability owed by defendant Ronald A. Popp, Inc. d/b/a Shurfine Foods. Plaintiffs move for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure seeking to collect the total outstanding amount of defendant's withdrawal liability, interest, liquidated damages, attorneys' fees and costs.

**II. FACTS**

The Court has taken the facts set forth below from plaintiffs' complaint.[1] The Pension Fund is an employee benefit and "multiemployer" plan that was created by and exists pursuant to a collective bargaining agreement between participating employers and union locals affiliated with United Food & Commercial Workers District Union Local One ("Local One").[2] Defendant was a participating employer and signatory to the collective bargaining agreement. Pursuant to the provisions of the Plan, defendant agreed to make certain benefit contributions to the Fund on behalf of all its covered employees. Plaintiff alleges that if defendant failed to fully comply with the terms of the Plan, defendant was obligated to pay all contribution delinquencies together with interest, liquidated damages, reasonable attorneys' fees and costs.

On or about January 30, 2008, defendant withdrew from the Fund. On or about January 9, 2009, plaintiff issued a Notice and Demand for payment of withdrawal liability in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).[3] Said Notice and Demand informed defendant that its withdrawal liability was $106,818.00 with the first quarterly payment due on or before April 1, 2009. On April 20, 2009, plaintiffs notified defendant that it was delinquent in remitting its first quarterly payment.[4] On June 9, 2009, plaintiffs notified defendant of a revised amount of withdrawal liability ($63,636.00) and reminded defendant that payment was due within 60 days of April 20, 2009.[5] Despite these written notifications and demand for payment, defendant has

---

[1] Defendant has submitted no contrary evidence as to the material facts.

[2] The record does not contain a copy of the collective bargaining agreement or an affidavit from any Trustee.

[3] The Notice and Demand is not part of the record herein.

[4] This notification is not part of the record herein.

[5] This notification is not part of the record herein.

failed, refused and/or neglected to pay any of the withdrawal liability.

On August 28, 2009, plaintiffs commenced this action by filing a summons and complaint seeking to collect delinquent withdrawal liability payments, together with interest, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). Defendant has not answered the complaint or otherwise appeared. Plaintiffs obtained a Clerk's Entry of Default Judgment on October 16, 2009. Plaintiffs now move (Dkt. No. 8) for default judgment against defendant in the amount of $82,415.42. This includes: $63,636.00 in withdrawal liability, $3,393.92 in interest, $12,727.20 in liquidated damages, $2,240.80 in attorneys' fees and $417.50 in costs.

## III.    DISCUSSION

### A.    Jurisdiction

This Court has subject matter jurisdiction as the action arises under ERISA.

### B.    Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 (N.D.N.Y. 1987). Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiffs filed a complaint on August 28, 2009. The summons and complaint were personally served on defendant on September 3, 2009. Plaintiffs aver defendant

never answered or otherwise moved with respect to the complaint, thus on October 15, 2009, plaintiffs requested a clerk's entry of default. Said default was entered on October 16, 2009.[6] On February 17, 2010, plaintiffs filed a notice of motion for default judgment pursuant to Fed. R. Civ. P. 55(a) and 55(b)(2). Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address liability.

### C. Liability

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y. 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The allegations in plaintiffs' complaint and supporting papers are therefore presumed accurate. Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

Here, the Pension Fund asserts that defendant failed to comply with the terms of the Plan and incurred withdrawal liability and liquidated damages. Plaintiffs further assert that pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund shall be awarded interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs. Therefore, defendant's conduct, as alleged, stands in violation of its agreement with the Pension Fund. By failing to answer plaintiffs' complaint or oppose this motion, defendant has effectively conceded that it is bound by the terms of the participation agreement it entered into with the Pension Fund or their representatives, and is liable for the entire amount of as assessed by the Pension Fund, as well as interest, liquidated damages, costs, and attorneys' fees.

---

[6] Rule 12(a) of the Federal Rules of Civil Procedure requires a response within twenty days after service.

**D.     Damages**

Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs to enforce an employer's obligations to remit contributions in accordance with the terms of the collective bargaining agreement, to wit, delinquent contributions, interest, liquidated damages, and attorneys' fees and costs.  *See* 29 U.S.C. § 1132(g)(2)(A-D).[7]  However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*.

**1.     Damages Derived from Failure to Pay Contributions**

Plaintiff calculated the amount owed as $79,757.12.  This amount includes: $63,636.00 in delinquent withdrawal liability, $3,393.92 in interest and $12,727.20 in liquidated damages.  However, plaintiffs have failed to submit evidence of such damages.  Plaintiffs attempt to introduce facts through the affidavit of attorney Patrick G. Radel.  Attorney Radel does not claim to have personal knowledge of plaintiffs' damages, and thus, his statements are not independently admissible.  Moreover, Attorney Radel seemingly refers to several paragraphs of the collective

---

[7] In relevant part, 29 U.S.C. § 1132(g)(2) provides:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan--
- (A)     the unpaid contributions,
- (B)     interest on the unpaid contributions,
- (C)     an amount equal to the greater of--
  - (i)     interest on the unpaid contributions, or
  - (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
- (D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
- (E)     such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

bargaining agreement which is not found in the record. Frank C. DeRiso, Eric Glathar, Robert Boehlert, John P. Barrett, Christine McMahon and Raymond Wardynksi are the Trustees of the Pension Fund. However, the record is devoid of any evidence or an affidavit from any of the aforementioned individuals. While the defendant is held to have admitted well-pleaded allegations, the amount of monetary damages plaintiffs request is not sufficiently supported and the record is entirely inadequate to enable this Court to independently determine the proper amount of damages due under the collective bargaining agreement. *See Ironworkers Local 6 Health Care Fund v. Stumm-Western Constr.*, 1996 WL 528613, at *2 (S.D.N.Y. 1996) (the claims in the complaint are based substantially upon the collective bargaining agreement which is not part of the record; thus, the contribution principal allegedly delinquently paid was not ascertainable, and the interest rate(s) assessed and penalties were unspecified).

Consequently, the Court has no competent admissible evidence upon which to base an award of damages. Further, while the Court "may conduct [a] hearing[]" to resolve issues of damages, plaintiffs have not requested a hearing. Moreover, in light of the specific nature of the damages sought, the Court finds that a hearing is not an appropriate procedure through which to assess damages in this case. *See* Fed. R. Civ. P. 55(b). Accordingly, plaintiffs' request for entry of judgment against defendant is denied with leave to reapply with competent admissible evidence of damages.

### 2. Attorney's Fees and Costs

There is evidence in admissible form regarding attorneys' fees and costs. The Court will, however, refrain from calculating any award at this time and instead await plaintiffs' supplemental submissions regarding admissible evidence damages.

**IV.    CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant on October 16, 2009, and no appearance or objection having been made by defendant since that time, plaintiffs' motion for default judgment (Dkt. No. 8) against defendant is **GRANTED**; and it is further

**ORDERED** that plaintiffs' motion (Dkt. No. 8) is otherwise **DENIED** with leave to reapply for damages within thirty (30) days of the date of this Order.

**IT IS SO ORDERED**.

Date:  July 13, 2010

_____
Norman A. Mordue
Chief United States District Court Judge