UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**UFCW Local One Pension Fund, and its Trustees: John P. Barrett, Robert Boehlert, Frank C. DeRiso, Eric Glathar, Christine McMahon, and Raymond Wardynski;**

                              **Plaintiffs,**

              vs.                                          6:09-CV-979 (NAM/GHL)

**RONALD A. POPP, INC. d/b/a/ SHURFINE, FOODS,**

                              **Defendant.**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                                  OF COUNSEL:

Getnick, Livingston Law Firm                Patrick G. Radel, Esq.
258 Genesee Street
Suite 401
Utica, NY 13502
*Attorneys for Plaintiffs*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiffs UFCW Local One Pension Fund, ("Pension Fund" or "plaintiffs") brought this action to recover delinquent withdrawal liability owed by defendant Ronald A. Popp, Inc. d/b/a Shurfine Foods. Plaintiffs move for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure seeking to collect the total outstanding amount of defendant's withdrawal liability, interest, liquidated damages, attorneys' fees and costs.

      Familiarity with the background in this case is assumed based on this Court's previous

Memorandum-Decision and Order.  *See UFCW Local One Pension Fund, and its Trustees: John P. Barrett, Robert Boehlert, Frank C. DeRiso, Eric Glathar, Christine McMahon, and Raymond Wardynski v. Ronald A. Popp, Inc. d/b/a/ Shurfine, Foods*, 09-CV-0979, Dkt. No. 10 (July 13, 2010) (Memorandum-Decision and Order).  In the prior Memorandum-Decision and Order, the Court granted plaintiffs' motion for default judgment against defendant.  However, due to insufficient evidence, the Court directed plaintiffs to reapply for an award of damages within thirty days of the date of the Order. On August 12, 2010, plaintiffs filed the within motion. Plaintiffs now seek the relief sought in their complaint including unpaid employee contributions, interest, liquidated damages and attorneys' fees and costs (Dkt. No. 12). Defendants have not responded.

## II.   DAMAGES

In relevant part, 29 U.S.C. § 1132(g)(2) provides:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan-

- (A)   the unpaid contributions,
- (B)   interest on the unpaid contributions,
- (C)   an amount equal to the greater of--
  - (I)   interest on the unpaid contributions, or
  - (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
- (D)   reasonable attorney's fees and costs of the action, to be paid by the  defendant, and
- (E)   such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

### A. Damages Derived from Withdrawal

"The Multiemployer Pension Plan Amendments Act ("MPPAA") requires an employer that withdraws from a multiemployer pension plan to pay its proportionate share of the plan's unfunded vested employee benefits, the so-called withdrawal liability." *Bowers v. Andrew Weir Shipping, Ltd.*, 27 F.3d 800, 803 (2d Cir. 1994) (citing 29 U.S.C. §§ 1381 (1988), 1391 (1988 & Supp. IV 1992)). The withdrawal liability represents "the employer's proportionate share of the plan's 'unfunded vested benefits,' calculated as the difference between the present value of vested benefits and the current value of the plan's assets." *Pension Benefit Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 725 (1984)). Under ERISA, to dispute the fact or amount of withdrawal liability, an employer must seek arbitration in a timely manner after receiving notice that it is subject to withdrawal liability. 29 U.S.C. § 1401(a)(1). "Failure to initiate the review and arbitration procedure constitutes a waiver of defense to the fact or the amount of the corporation's withdrawal liability." *Retirement Fund of the Fur Mfg. Indus. v. Strassberg & Tama, Inc.*, 1989 WL 87483, at *2 (S.D.N.Y. 1989). Additionally, plaintiffs are entitled to an award of interest, liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 1451(b) ("In any action ... to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution"); *see also* 29 U.S.C. § 1132(g) ("in any action [involving delinquent contributions] ... in which a judgment in favor of the plan is awarded, the court shall award the plan... (B) interest ... (C) an amount equal to the greater of (I) interest on the unpaid [withdrawal liability], or (ii) liquidated damages ..., (D) reasonable attorney's fees and costs").

Plaintiffs allege that defendant currently owes $63,636.00 in withdrawal liability,

$12,727.00 in liquidated damages and $6,989.00 in interest. In support of their claims for damages, plaintiffs have submitted the Participation Agreement, an affidavit from Andrea D. Goldberger, the Administrative Director of the UFCW Local One Pension Fund, an affidavit from their counsel, Patrick G. Radel, documentary evidence and the complaint.

In her affidavit, Goldberger states that she has personal knowledge of the amount currently owed by defendant. According to Goldberger, defendant has not made any withdrawal liability payments and has not requested a plan sponsor review of the liability assessment. Among the documentary evidence provided by plaintiffs are copies of correspondence to defendant regarding withdrawal liability which include calculations of damages at the foregoing rates of interest and liquidated damages. Plaintiffs have established that defendant, as the business which signed the collective bargaining agreement, withdrew from the Plan. Thus, defendant is liable for its proportionate share of the Plan's unfunded vested employee benefits. According to the Goldberger, defendant did not seek arbitration or otherwise dispute the amount of withdrawal liability as calculated by plaintiffs. Goldberg asserts that the withdrawal liability in this case is $63,636.00. Plaintiffs also seeks interest through August 5, 2010, which, according to Goldberger, amounts to $6,989.00. *See* 29 U.S.C. § 1399(c)(5) ("in the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made."). Additionally, plaintiffs seek an award of liquidated damages. The rules of the Fund state that liquidated damages are calculated at the greater of twenty percent (20 %) of the withdrawal liability assessment, which, in this case, equals $12,727.00 or the interest. Since the amount of liquidated damages is greater than the amount of interest, plaintiffs request an award of liquidated damages.

In view of the affidavits and documentary evidence submitted by plaintiffs, a hearing to

ascertain the damages in this case is unnecessary. Plaintiffs have demonstrated their entitlement to damages in the sum of $83,352.00.

### B. Attorney's Fees

Plaintiffs are also entitled to recover reasonable attorney's fees. 29 U.S.C. § 1451(e) ("In any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party"). Plaintiffs request fees associated with their efforts in the instant matter for services rendered by Getnick Livingston Atkinson & Priore, LLP and by Slevin & Hart, P.C. Plaintiffs have submitted a schedule representing the legal time incurred between July 2009 and February 2010 as a result of defendant's failure to pay its contributions. The total amount breaks down as follows:

| | |
|---|---|
| Attorney PGR (Patrick G. Radel) 4.2 hours x $200.00/hr | =$ 840.00 |
| Attorney AAT (Alexandra A. Tsiros) 2.8 hours x $235.00/hr | = $ 658.00 |
| Paralegal CMR (Christopher M. Robbins) 5.3 hours x $140.00/hr | = $ 742.00 |
| Total | = $ 2,240.00 |

With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The prevailing community is the district in which the court sits. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). In this District, the prevailing rates are currently $210.00 per hour for the most experienced attorneys, $150.00 per hour for attorneys with four or more years of experience, $120.00 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals. *Eng'r Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Reape*, 2008 WL 2385908, at *4

(N.D.N.Y. 2008) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 2005 WL 670307 at *6).

In this case, Attorney Radel asserts that he has five years experience in the area of collections and creditors' rights with a focus in federal litigation. Similarly, Attorney Tsiros has averred that she is a litigator practicing labor and employment law and has experience in federal district court and administrative proceedings with respect to ERISA. While plaintiffs are entitled to attorneys' and paralegal fees in connection with this action, Attorney Tsiros' hourly rate and the Robbins' paralegal rate differ from the prevailing rates in this District. Therefore, the Court will recalculate the fees using acceptable hourly rates. *See Eng'r Joint Welfare*, 2008 WL 2385908, at *4. Accordingly, the award of fees and costs is $840.00 (4.2 x $200) for Attorney Radel's services; $588.00 (2.8 x $210) for Attorney Tsiros' services; $424.00 (5.3 x 80) for Paralegal Robbins' services for a total of $1,852.00

Plaintiffs also seek reimbursement for costs in the amount of $418.30. Plaintiffs have submitted a statement identifying its costs as follows:

| | |
|---|---|
| Filing Fees | $350.00 |
| Service of Process | $ 67.50 |
| Pacer | $   .80 |
| Total | = $418.30 |

ERISA authorizes the award of costs of an action in conjunction with attorneys' fees. *See* 29 U.S.C. § 1132(g)(2)(D). The Court finds these costs reasonable.

### III.  CONCLUSION

It is therefore

**ORDERED** that plaintiffs' motion (Dkt. No. 12) is granted; and it is further

**ORDERED** that plaintiffs are awarded judgment against defendant, for the sum of

$85,622.30 representing (1) $63,636.00 in withdrawal liability, (2) $6,989.00 in interest through August 5, 2010, (3) $12,727.00 in liquidated damages; (4) $1,852.00 in attorney and paralegal fees through February 2010; and (5) $418.30 in costs.

**IT IS SO ORDERED.**

Date:   January 31, 2011

Norman A. Mordue
Chief United States District Court Judge